UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| MARITZA MEDINA LOPEZ, <br><br>　　　　　Plaintiff, <br><br>　　　v. <br><br>CAROLYN COLVIN, Acting Commissioner of Social Security, <br><br>　　　　　Defendant. | Case No. ED CV 13-1753-DFM <br><br> MEMORANDUM OPINION AND ORDER |

　　　　Plaintiff Maritza Medina Lopez ("Plaintiff") appeals from the denial of her application for disability insurance and supplemental security income benefits. On appeal, the Court concludes that the Administrative Law Judge ("ALJ") erred by failing to consider whether Plaintiff's lupus was a severe impairment. Therefore, the Commissioner's decision is reversed and the matter is remanded for further proceedings consistent with this opinion.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

　　　　Plaintiff filed applications for Social Security disability insurance and supplemental security income benefits on June 17, 2008, alleging disability beginning May 4, 2008. Administrative Record ("AR") 312-14. The ALJ

issued an initial decision denying benefits on April 9, 2010. AR 160-68. On September 28, 2011, the Appeals Council remanded the case to the ALJ for further proceedings, including a determination of whether Plaintiff's lupus was a severe impairment. AR 173-76. After two further administrative hearings, the ALJ issued a second decision denying benefits on July 20, 2012. AR 8-31.

## II.
## ISSUES PRESENTED

The parties dispute whether the ALJ erred in (1) failing to properly consider the opinion of Plaintiff's treating physician, Dr. Symonett; (2) failing to consider whether Plaintiff's lupus was a severe impairment; (3) concluding that Plaintiff was capable of performing her past relevant work; (4) failing to properly consider the opinion of Plaintiff's treating physician, Dr. Blumberg; (5) failing to properly assess Plaintiff's credibility; and (6) not adequately assessing Plaintiff's daughter's testimony. See Joint Stipulation ("JS") at 2-3.[1]

## III.
## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such relevant evidence as a reasonable person might accept as adequate to support a conclusion.

---

[1] Because the Court concludes that the ALJ erred in failing to consider whether Plaintiff's lupus was a severe impairment at step two of the sequential evaluation process, the Court does not reach the remaining issues and will not decide whether these issues would independently warrant relief. Upon remand, the ALJ may wish to consider Plaintiff's other claims of error.

Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. Id. at 720-21.

**IV.**

**DISCUSSION**

Plaintiff contends that the ALJ erred in failing to consider whether her lupus[2] was a severe impairment at step two of the sequential evaluation process. JS at 13-14, 15-17. The Court agrees.

When it remanded this case back to the ALJ, the Appeals Council expressly noted that the ALJ had failed to consider whether Plaintiff's lupus was a severe impairment. The Appeals Council's remand order provides in relevant part as follows:

> It does not appear that the Administrative Law Judge considered all of the claimant's impairments in making this determination [of non-disability]. The claimant's treating physician has diagnosed her with Lupus, which has been confirmed by blood testing . . . .

---

[2] Lupus or systemic lupus erythematosus is a chronic autoimmune disease in which the body's immune system mistakenly attacks healthy tissue. The most common symptoms of lupus are joint pain, inflammation, and swelling. Systemic Lupus Erythematosus, PubMed Health (last reviewed Feb. 21, 2013), http://www.ncbi.nlm.nih.gov/pubmedhealth/PMH0001471/.

> The Administrative Law Judge did not evaluate the effect, if any, of these impairments on the claimant's ability to work. Upon remand, all medically determinable impairments <u>must</u> be evaluated.

AR 174 (emphasis added). The Appeals Council ordered the ALJ upon remand to "[g]ive consideration to and make severity findings for <u>all</u> medically determinable impairments. In doing so, the Judge will determine how these impairments, singly and in combination, affect the claimant's ability to do work related activities." AR 175 (emphasis added). Upon remand from the Appeals Council, the ALJ did not make any finding whatsoever regarding whether Plaintiff's lupus was a severe impairment.[3] See AR 13-14.

The existence of a severe impairment is demonstrated when the evidence establishes that an impairment has more than a minimal effect on an individual's ability to perform basic work activities. <u>Webb v. Barnhart</u>, 433 F.3d 683, 686-87 (9th Cir. 2005); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1290 (9th Cir. 1996); 20 C.F.R. §§ 404.1521(a), 416.921(a). The regulations define "basic work activities" as "the abilities and aptitudes necessary to do most jobs," which include physical functions such as walking, standing, sitting, pushing, carrying; capacities for seeing, hearing and speaking; understanding and

---

[3] The ALJ's failure to follow a remand order is not a proper basis for reversing or remanding the ALJ's final decision regarding a claimant's disability. See <u>Strauss v. Comm'r of the Soc. Sec. Admin.</u>, 635 F.3d 1135, 1136-1138 (9th Cir. 2011) (concluding that district court erred in awarding benefits for ALJ's failure to follow remand orders from the Appeals Council and from the district court without determining whether the claimant was disabled). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." <u>Id.</u> at 1138. Thus, regardless of whether the ALJ complied with the remand order, the issue before this Court is whether the ALJ's decision is based on substantial evidence and is free of legal error. See <u>id.</u>

remembering simple instructions; responding appropriately in a work setting; and dealing with changes in a work setting. 20 C.F.R. § 404.1521(b). The inquiry at this stage is "a de minimis screening device to dispose of groundless claims." Smolen, 80 F.3d at 1290 (citing Bowen v. Yuckert, 482 U.S. 137, 153-54 (1987)). An impairment is not severe only if it is a slight abnormality with "no more than a minimal effect on an individual's ability to work." SSR 85-28 1985 WL 56856, at *3 (1985); see also Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1988). A "finding of no disability at step two" may only be affirmed where there is a "total absence of objective evidence of severe medical impairment." Webb, 433 F.3d at 688 (reversing a step two determination "because there was not substantial evidence to show that Webb's claim was 'groundless'").

Here, there was sufficient objective evidence in the record that Plaintiff's lupus was a severe impairment. Plaintiff was diagnosed with Lupus by means of a positive blood test. See AR 524. Plaintiff's treating physician, Dr. Elmer Symonett, concluded that Plaintiff's lupus was sufficiently severe to cause various functional limitations in her ability to stand and walk. AR 669-70. Dr. Symonett concluded that Plaintiff's "constant moderate to severe pain with body aches" was most likely due, at least in part, to her lupus. AR 669. This indicates a level of impairment that at least meets the "de minimis" requirement at the second stage of the inquiry. See Smolen, 80 F.3d at 1290.

Contrary to the Commissioner's contention, the Court cannot say that ALJ's failure to consider Plaintiff's lupus was harmless. The ALJ concluded that Plaintiff retained the residual functional capacity ("RFC") to perform light work, including the ability to lift and/or carry twenty pounds occasionally and ten pounds frequently; sit, stand or walk for six hours out of an eight-hour work day; frequently kneel, stoop, crawl, crouch and climb; and that she had no restrictions on the use of her hands. AR 15. If the ALJ determines that

Plaintiff's lupus is a severe impairment at step two, this could potentially affect her RFC, which in turn might impact whether she is able to perform her past relevant work, or, alternatively, any work available in the national economy.

Because the ALJ completely failed to address whether Plaintiff's lupus was a severe impairment, the Court is unable to determine whether the ALJ's step two determination was free of error and supported by substantial evidence. See Smolen, 80 F.3d at 1282 (holding that ALJ erred in limiting his review of the record to certain impairments and ignoring medical evidence of other impairments without any explanation). The Court therefore must reverse the ALJ's decision denying benefits.

The decision whether to remand for further proceedings is within this Court's discretion. Harman v. Apfel, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. Id. at 1179 (noting that "the decision of whether to remand for further proceedings turns upon the likely utility of such proceedings"); see also Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004). A remand is appropriate, however, where there are outstanding issues that must be resolved before a determination of disability can be made and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated. Bunnell v. Barnhart, 336 F.3d 1112, 1115-16 (9th Cir. 2003); see also Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003).

Here, the evidence shows an impairment that might be considered "severe" within the meaning of the Social Security Regulations, but which might not prevent Plaintiff from performing her past relevant work or work in the national economy. However, that is not a determination that this Court can make. Accordingly, the case is remanded for further evaluation in

accordance with the five-step sequential process.

## V.
## CONCLUSION

For the reasons stated above, the decision of the Social Security Commissioner is REVERSED and the matter is REMANDED for further proceedings consistent with this opinion.

Dated: April 7, 2014

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge